UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RENETTE THERESA MCLEAN, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. CV 14-05036-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Renette Theresa Mclean ("Plaintiff") appeals the Commissioner's final decision denying her applications for disability benefits. For the reasons discussed below, the Court concludes that the Administrative Law Judge ("ALJ") erred by failing to address what weight was given to the findings of Plaintiff's treating physician. The ALJ's decision is therefore reversed and the matter is remanded for further proceedings consistent with this opinion.

///

///

///

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed applications for Social Security Disability Insurance Benefits and Supplemental Security Income on February 8, 2011, alleging disability beginning December 31, 2008. Administrative Record ("AR") 23. In an unfavorable decision, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine and arthritis, but concluded that Plaintiff was not disabled because Plaintiff was capable of performing her past work as a telephone solicitor and account manager despite her impairments. AR 23-30.

# II.

# ISSUES PRESENTED

The parties dispute whether the ALJ erred in: (1) addressing and rejecting the opinion of Plaintiff's treating physician; (2) evaluating Plaintiff's credibility; (3) considering the combined effects of Plaintiff's impairments when determining Plaintiff's residual functional capacity ("RFC"); and (4) relying upon the vocational expert's testimony to find that Plaintiff is capable of performing her past work. See Joint Stipulation ("JS") at 3.[1]

# III.

# DISCUSSION

Three types of physicians may offer opinions in Social Security cases: those who directly treated the plaintiff, those who examined but did not treat the plaintiff, and those who did not treat or examine the plaintiff. See 20

---

[1] Because the Court concludes that the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of Plaintiff's treating physician, the Court does not reach the remaining issues and will not decide whether these issues would independently warrant relief. Upon remand, the ALJ may wish to consider Plaintiff's other claims of error.

C.F.R. §§ 404.1527(c), 416.927(c); Lester, 81 F.3d at 830. A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a non-examining physician. Lester, 81 F.3d at 830. Thus, the ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion or an examining physician's opinion in favor of a non-examining physician's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830-31. If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester, 81 F.3d 821, 830 (9th Cir. 1996) (citing Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991)). However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. Orn, 495 F.3d at 631; 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii).

Plaintiff contends that the ALJ erred by failing to discuss the weight given to the opinion of Plaintiff's treating physician, Dr. Narinder Grewal. JS at 3-16, 18-20. The Court agrees. For the reasons set forth below, the Court finds that the ALJ failed to offer specific, legitimate reasons for rejecting Dr. Grewal's findings. See Lester, 81 F.3d at 830-31.

The ALJ gave "great weight" to the opinions of two non-treating physicians, Dr. H. Harlan Bleecker and Dr. Nancy Armstrong. AR 29. Dr.

Bleecker, an orthopedist, performed a consulting examination of Plaintiff on June 28, 2011. AR 283-86. Dr. Bleecker reported relatively normal findings, including a normal range of motion in the lumbar spine. AR 283-85. Dr. Bleecker diagnosed Plaintiff with degenerative disc disease and concluded that Plaintiff was capable of performing light work. AR 283-86; see 20 C.F.R. §§ 404.1567(b), 416.967(b). Dr. Armstrong reviewed Plaintiff's records, including Dr. Bleecker's report, and assessed her limitations similarly. AR 291-97. Based on Dr. Bleecker's and Dr. Armstrong's opinions, the ALJ assessed Plaintiff with the RFC for light work, with occasional climbing of ramps, stairs, ladders, ropes, and scaffolds, and frequent balancing, stooping, kneeling, crouching, and crawling. AR 26, 29.

      The ALJ referenced Dr. Grewal's findings briefly and never said what weight they were given. The ALJ noted that "[t]he treatment evidence is minimal, limited to pain management sessions and lumbar facet injections by [Dr. Grewal], who noted the injections provided 'excellent pain relief . . . with medication management.'" AR 27. The ALJ also referenced Dr. Grewal's note from her initial visit that Norco provided "good relief" for her pain. Id. (citing AR 281). After discussing the results of a May 2012 MRI examination, the ALJ noted that Plaintiff's treatment continued with Dr. Grewal's lumbar facet injections and cited Plaintiff's reports that her pain subsided and her daily activities increased after her injections. AR 28.

      The Commissioner argues that the ALJ was required to do no more because Dr. Grewal did not offer any opinions about Plaintiff's limitations. JS at 17. The applicable regulation, however, provides that medical opinions are statements that "reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical and mental restrictions." 20 C.F.R. § 404.1527(a)(2). The record clearly shows that Dr. Grewal's

treatment and operative notes include judgments about the nature and severity of Plaintiff's impairment, including her symptoms, diagnosis, and prognosis. For instance, Dr. Grewal's treatment notes report that Plaintiff had limitations in the range of motion of her lumbar spine and that flexion, extension, and side bending aggravated her pain. See, e.g., AR 316, 320, 324, 328. The absence of functional limitations in these records does not absolve the ALJ of addressing Dr. Grewal's findings. See, e.g., Alvarez v. Astrue, No. 09-05768, 2010 WL 749875, at *7 (C.D. Cal. Feb. 26, 2010) (finding that "nothing in the law absolves the ALJ from a duty to specifically address the findings and conclusions of a treatment physician," even one who does not provide any functional limitations).

     Moreover, the ALJ improperly characterized Dr. Grewal's treatment as "minimal," because it was limited to pain management sessions and lumbar facet injections. AR 27, 28. However, the record shows that Dr. Grewal's treatment of Plaintiff was considerable. From June 2009 through August 2012, Dr. Grewal administered a series of lumbar facet injections and epidural injections to treat Plaintiff's complaints of intractable back pain. AR 266-67, 270-71, 273, 299-300, 301-03, 306-07, 309-10, 318-19, 326-27.[2] Dr. Grewal also regularly examined Plaintiff and prescribed narcotic pain medication (Norco). AR 261, 263-65, 278, 283, 305, 316, 322, 330. To the extent the ALJ suggested that Plaintiff's treatment regimen was conservative, the ALJ has failed to state a legitimate basis for rejecting Dr. Grewal's opinion. See, e.g., Yang v. Barnhart, No. 04-0958, 2006 WL 3694857, at *4 (C.D. Cal. Dec.12, 2006) (rejecting ALJ's finding that treating doctor's opinion could be discounted because claimant received conservative treatment because records

---

     [2] Interestingly, one of these lumbar injections (AR 301-03) appears to have occurred on the same day as Dr. Bleecker's examination (AR 283).

showed that claimant underwent physical therapy and epidural injections, and was treated with several pain medications).

Additionally, the ALJ focused on portions of Dr. Grewal's treatment records to conclude that Plaintiff's lumbar injections and narcotic pain medication alleviated Plaintiff's back pain and symptoms. AR 27-28. While Dr. Grewal did report that the lumbar injections with medication management provided "excellent pain relief" with improvement of back pain ranging from 50 to 80 percent and an increase in daily activities, the record also shows that Plaintiff's improvement was only temporary, lasting a few days to more than six weeks. AR 281, 302, 303, 306, 316, 320, 322, 324, 326, 328. Indeed, the record shows that Plaintiff often received lumbar injections more than once within the same month, a fact that shows that any relief offered was fleeting. "Occasional symptom-free periods - and even the sporadic ability to work - are not inconsistent with disability." Lester, 81 F.3d at 833. Moreover, the ALJ failed to acknowledge that Dr. Grewal's treatment records reflected that Plaintiff frequently experienced positive straight leg tests, decreased range of motion, spasms, and tenderness in the lumbar region, and pain ranging from 6 to 10 on a scale of 1 to 10. AR 266-67, 270-71, 273, 299-300, 301-03, 306-07, 309-10, 318-19, 326-27. An ALJ may not cherry-pick evidence to support the conclusion that a claimant is not disabled, but must consider the evidence as a whole in making a reasoned disability determination. See Holohan v. Massanari, 246 F.3d 1195, 1207 (9th Cir.2001) (concluding that ALJ's basis for rejecting treating physician's medical opinion was not supported by substantial evidence because ALJ "selectively relied on some entries . . . and ignored the many others that indicated continued, severe impairment").

Finally, it appears that Dr. Grewal's findings undermine the ALJ's statement that Dr. Bleecker's and Dr. Armstrong's opinions "agree with the objective findings in the record." AR 29. For the reasons just summarized, the

conclusion that the medical evidence is consistent with the opinions of the non-treating physicians is not supported by substantial evidence when the record is considered as a whole.

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014) (explaining that courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Here, remand is appropriate for the ALJ to fully and properly consider the opinions of Plaintiff's treating physician and to determine whether that opinion supports a finding of disability.

///
///
///
///
///
///

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

Dated: May 28, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge